Marc FAGAN, et al., Plaintiffs,

v.

The DISTRICT OF COLUMBIA and Andrew E. Jenkins, Superintendent, D.C. Public Schools, Defendants.

Civ. A. No. 90–371 SSH.

United States District Court, District of Columbia.

April 3, 1991.

Beth Goodman, Bradford P. Johnson, Washington, D.C., for plaintiffs.

Richard Douglas Albright, Office of Corporation Counsel, D.C., Washington, D.C., for defendants.

### MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This case is before the Court on defendants' motion to dismiss or in the alternative for summary judgment. Upon consideration of the motion, plaintiffs' opposition, and the entire record, the Court denies the motion to dismiss.

Plaintiffs, Marc Fagan and his parents, brought this action under the Education of the Handicapped Act (EHA), 20 U.S.C.A. § 1400 *et seq.,* and the Rules of the Board of Education of the District of Columbia alleging that the District of Columbia Public Schools (DCPS) has not met its procedural and substantive obligations under the EHA. Specifically, plaintiffs seek a declaratory judgment and an injunction requiring the DCPS to place and fund Marc in the Somerset School and to reimburse the Fagans for his 1989–90 academic year there. Defendants argue that plaintiffs' complaint

fails to state a claim upon which relief can be granted because the DCPS is not under contract with Somerset and therefore cannot place Marc at the school under federal regulations and D.C. law.[1]

■ Marc Fagan is a "seriously emotionally disturbed" sixteen-year-old. As such, he is entitled to the procedural and substantive protections of the EHA which require school districts receiving federal assistance under the act to provide a "free and appropriate" education to handicapped students. *Id.* § 1412(1). The central provisions of the EHA command the school district to develop an "individualized education program" (IEP) for each handicapped student taking into account that student's abilities and special needs. *Id.* § 1414(a)(5). The student's parents are guaranteed the right to participate in developing the IEP at the administrative level and ultimately can challenge the "appropriateness" of the IEP in federal court. *Id.* § 1415.

■ Plaintiffs began seeking placement at the Somerset School for Marc in May 1989. After delaying several months and without conducting an IEP meeting, the DCPS eventually proposed placing Marc in Woodrow Wilson High School.[2] Plaintiffs challenged the DCPS's proposal. At a due process hearing on January 11, 1990, the hearing officer determined that the DCPS's failure to include the Fagans in developing the proposed placement rendered it invalid. Nevertheless, the hearing officer concluded that he lacked authority to order the DCPS to place Marc at Somerset because the school does not have licensed or certified special education personnel.

Plaintiffs filed this suit claiming that various procedural deficiencies and delays in developing Marc's IEP violated his rights under the EHA. They allege that

the DCPS funds other children in schools similar to Somerset and, therefore, that the hearing officer should have ordered the DCPS to place Marc in Somerset.[3] Defendants filed their motion to dismiss, arguing that the Court does not have the authority to order placement and funding at Somerset because it would violate federal and District regulations. For this reason, they contend, any procedural errors leading up to the final administrative decision to place Marc in Wilson were either harmless error or moot.

The Supreme Court considered the rights of parents who reject a proposed IEP, place their child in another school, and then successfully challenge the IEP in *Burlington School Comm. v. Dept. of Educ. of the Commonwealth of Massachusetts,* 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 1985). The *Burlington* Court held that tuition reimbursement is an appropriate remedy under those circumstances so that parents are not forced to leave their child in an inappropriate program during the long process of obtaining judicial review. *Id.* 105 S.Ct. at 2003.

Plaintiffs in this action have asserted a valid claim under *Burlington.* The essence of their complaint is that the DCPS has not developed an appropriate IEP for Marc and therefore they have chosen to keep him in Somerset. If plaintiffs establish that the proposed placement at Wilson in fact was not appropriate, then they will be entitled to reimbursement for the tuition at Somerset until the DCPS develops a valid IEP for Marc elsewhere. From the outset, plaintiffs have contended that Somerset is the best school for Marc and therefore *the* "appropriate" school for him. This contention miscontrues the requirements of the EHA. *See Bd. of Educ. of the Hendrick Hudson Central School Dist. v. Rowley,* 458 U.S. 176, 102 S.Ct.

---

1. Defendants do not cite the statutes and regulations that they claim bar such a placement.

2. Initially, the DCPS proposed placing Marc in the South Adolescent Psychoeducational Program. The Fagans successfully challenged that placement at a due process hearing on October 11, 1989, and the DCPS was ordered to develop another IEP. Although an IEP meeting was

scheduled for October 25, 1989, the DCPS cancelled it and simply notified the Fagans of its decision to place Marc at Wilson High School.

3. Plaintiffs also contend that failure to develop a program for Marc constituted discrimination on the basis of the nature and severity of his handicap in violation of the Rehabilitation Act.

3034, 3051, 73 L.Ed.2d 690 (1982) (IEP need only be "reasonably calculated to enable the child to receive educational benefits"). Nevertheless, the DCPS had an obligation to comply with the EHA's procedures and to develop an appropriate IEP for Marc. If the DCPS failed to do so, plaintiffs had a right to place Marc in an appropriate program during the pendency of their challenge.

Defendants' argument that this Court cannot order placement and funding at Somerset under federal and D.C. regulations is inapposite to the question whether they have provided an appropriate IEP within the meaning of the EHA. If defendants' argument is correct, and the Court cannot yet determine that issue because defendants do not cite the relevant regulations, the Court may be unable prospectively to order placement and funding at Somerset. Until the DCPS develops an appropriate IEP, however, the Court may award tuition reimbursement within the broad remedial measure authorized by the EHA. *See Burlington,* 105 S.Ct. 1996. Defendants' argument, therefore, does not provide a basis to dismiss the complaint. Accordingly, it hereby is

ORDERED, that defendants' motion to dismiss is denied.

SO ORDERED.